IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MICHAEL E. D. GILYARD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIV-14-923-D |
| THOMAS GIBSON, Federal DEA Agent, et al., | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I. **Complaint.**

Proceeding under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff, a state prisoner appearing pro se and in forma pauperis, complains of same February 19, 2010 conduct by Defendants Thomas Gibson, Chris Gabeau, and Jere Holt that was the subject of a previous *Bivens* action he brought in this Court, an action he describes as having been dismissed "without prejudice to future filings on February 17th 2012, due to Plaintiff's failure to file an[] amended complaint." Doc. 1, at 2, 5-6.[1]

---

[1] The docket report in Plaintiff's previous case, *Gilyard v. Gibson*, Case No. 11-22-D (W.D. Okla.) (*Gilyard I*), reflects that Judge DeGiusti granted Defendants' motion to dismiss on February 17, 2012, but gave Plaintiff twenty days to file an amended complaint. Doc. 35. On May 3, 2012, Judge DeGiusti dismissed Plaintiff's action, finding that his "failure to comply with the [February 17, 2012] Order and file an amended complaint warrants dismissal of this action." Doc. 36. The dismissal was "without prejudice to the filing of a future action." *Id.*

Judge DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings. Doc. 6.

## II. Analysis.

### A. Order to show cause.

Consistent with Judge DeGiusti's referral and with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii),[2] the undersigned reviewed all relevant filings and advised Plaintiff that his complaint – a complaint seeking recovery for alleged constitutional violations in February 2010 but not filed until August 2014 – showed on its face that it is barred by the statute of limitations and was subject to dismissal for failure to state a claim. Doc. 9, at 1.[3]

In seeming recognition of his timeliness issues, Plaintiff had specifically alleged in his complaint that "[d]ue to [his] learning disability and numerous medical problems he is just now refiling. The lapse of time between filings was due to no fault of his own[.]" Doc. 1, at 6. Liberally construing his pleadings, the

---

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

[3] A *sua sponte* dismissal on screening is consistent with "the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

undersigned, cautioning Plaintiff that this "explanation is vague, conclusory, and inadequate to excuse his delay in filing this second action," "ordered [him] to show cause – in other words, to fully detail – why his complaint should not be promptly dismissed by the court on statute of limitations grounds." Doc. 9, at 1; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The undersigned instructed Plaintiff to "tell the court any reason why the statute of limitations should not bar his claims, reasons including but not limited to the applicability of the two-year statute, the applicability of a savings provision, the accrual date of his claims, and the application of equitable tolling." *Id.* at 2.[4]

## B. Plaintiff's response.

Plaintiff responded to the show cause order, relying on Fed. R. Civ. P. 15(c) and asserting that "[i]n the original complaint,[5] Plaintiff was given leave to amend his complaint" and that "[t]his case is not a new complaint, but an am[]ended complaint which 'relates back' to the original complaint filed in 2012." Doc. 10, at 1-2. Plaintiff's theory, however, fails to account for the fact that he does not have a pleading to amend: Judge DeGiusti dismissed Plaintiff's

---

[4] *See Vasquez Arroyo*, 589 F.3d at 1097-98 (Where "it is not clear from the face of [Plaintiff's] complaint that no state tolling provision was applicable to cure his timeliness problem," he must be given "notice and an opportunity to address the issue . . . .").

[5] The undersigned reads this as "original case."

previous action after he failed to take advantage of the opportunity he was given to amend his complaint. *Gilyard I,* Docs. 35, 36. Plaintiff's "new complaint" "was not an amendment to a pleading, it was a separate filing." *Smith v. Kan. Dep't of Corr.*, 455 F. App'x 841, 845 (10th Cir. 2011) ("It is well-settled that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim.") (internal quotation marks omitted).

Plaintiff offered no additional response to the show cause order. *See* Doc. 10. He failed to expand on his conclusory claim that "[t]he lapse of time between filings was due to no fault of his own" or to provide any additional detail about his medical issues. Doc. 1, at 6.

C. **Plaintiff's claims are barred by the statute of limitations.**

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks omitted). In Oklahoma, the limitation period is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3).

The events giving rise to Plaintiff's claims occurred, and his cause of action accrued, in February 2010. Doc. 1, at 2. "Under federal law, a *Bivens* cause of

4

action accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Adams v. Wiley*, 398 F. App'x 372, 374 (10th Cir. 2010) (internal quotation marks omitted). Plaintiff filed his complaint in *Gilyard I* in January 2011, well within the two-year limitation period. Judge DeGiusti dismissed that cause of action in May 2012, after the two-year period had expired in February 2012.

Under Oklahoma's savings clause, because *Gilyard I* was dismissed "otherwise than upon the merits," Plaintiff had one year from May 2012 in which to "commence a new action." Okla. Stat. tit. 12, § 100. *See Eastom v. City of Tulsa*, 563 F. App'x 595, 596 (10th Cir. 2014) ("Oklahoma's savings statute, 12 Okla. Stat. tit. § 100, affords civil plaintiffs an additional year to refile if a case fails other than on the merits after the original limitations period has expired."); *see also Twashakarris v. INS*, 890 F.2d 236, 237 (10th Cir. 1989).[6] That one-year savings period expired in May 2013, over a full year before Plaintiff filed his current complaint.

Nonetheless, the Oklahoma Supreme Court has determined that "Section 100 is but an extension of the statutorily established limitations period." *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1278 (Okla. 1991). Consequently, and

---

[6] Judge DeGiusti specified that his dismissal of *Gilyard I* was without prejudice. *See supra* n.1. The dismissal, consequently, was not "an adjudication on the merits." Fed. R. Civ. P. 41(b).

without regard to whether this "exten[ded] statutorily established limitations period" would, in fact, be subject to equitable tolling, the undersigned has considered whether Plaintiff's allegations would implicate that application. *Id.*[7]

Oklahoma permits tolling in limited circumstances:

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [And,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young*, 554 F.3d at 1258 (quotations, alterations, and citations omitted). Oklahoma's "[e]xceptions to [a] statute of limitations are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). A plaintiff bears "the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

In responding to the show cause order, Plaintiff made no further mention of his allegation that "[d]ue to [his] learning disability and numerous medical problems he is just now refiling. The lapse of time between filings was due to no fault of his own[.]" Doc. 1, at 6; Doc. 10. As to the sufficiency of that bare

---

[7] This same analysis applies to any claim that equitable tolling should serve to extend the original two-year period of limitation.

allegation, it is unsworn, Doc. 1, at 8, and the records that Plaintiff attached to his complaint fail to support a factual basis for impaired competency, fraudulent conduct by Defendants, or any exceptional circumstance. *Id*. at Atts. 1-3. Specifically, the attached medical records do not reflect mental health treatment or a fully incapacitating "medical problem[]." Doc. 1, at 6. Consequently, assuming that equitable tolling applies to the one-year savings period (or if Plaintiff seeks tolling of the two-year period of limitation), Plaintiff has failed to show adequate cause "why the statute of limitations should be tolled," and his claims are time-barred. *Vasquez Arroyo*, 589 F.3d at 1097.

### D. Plaintiff's motion for appointment of counsel.

Plaintiff states that he needs counsel because of (1) the complexity of the litigation; (2) his limited library access; (3) his limited legal knowledge; (5) his "learning disability which limits his ability to understand the issues involved"; and (6) his need for assistance in presenting evidence and cross-examining witnesses. Doc. 3, at 1. The undersigned recommends that this motion be denied.

Should the recommendation to dismiss Plaintiff's action be adopted, Plaintiff's need for counsel becomes moot. And Plaintiff has failed to demonstrate his need for counsel to date. He has ably presented his claims and has aptly responded to the order to show cause, both without the assistance of

counsel.

**III. Recommendation and notice of right to object.**

For the reasons stated and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned Magistrate Judge recommends that Plaintiff's action, Doc. 1, be dismissed for failure to state a claim upon which relief can be granted. The undersigned further recommends that Plaintiff's motion for counsel, Doc. 3, be denied.

The court advises Plaintiff of his right to object to this report and recommendation by the 30th day of October, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Plaintiff that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 10th day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE