IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHEAL E.D. GILYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-923-D |
| | ) | |
| THOMAS GIBSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell, pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, Judge Mitchell recommends the dismissal of the Civil Rights Complaint for failure to state a claim because the action is time barred by the applicable statutes of limitations.[1] Judge Mitchell further recommends that a motion for appointment of counsel be denied.

Plaintiff Michael Gilyard, who appears *pro se* and *in forma pauperis*, has filed a timely written objection to the Report within the time period established by the Order of October 27, 2014. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Although the Complaint is purportedly brought under 42 U.S.C. § 1983, Plaintiff brings claims against federal agents pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In the objection, Plaintiff does not disagree with Judge Mitchell's summary of the factual and procedural history of the case or her statement of applicable legal principles. The Court finds that Plaintiff has waived further review of these portions of the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Liberally construing the objection, Plaintiff challenges only Judge Mitchell's conclusion that the one-year savings period available under Okla. Stat. tit. 12, § 100, expired in May 2013, and that Plaintiff has not alleged a factual basis for equitable tolling of the limitations period.

Plaintiff contends in his objection – supported by the sworn affidavit of an inmate who has been assisting him and a letter written by an attorney who previously represented him in a criminal case – that he has a severe learning disability, that he received a mental competency evaluation in 2010, that he has been in jail or prison since his arrest in 2010, and that he has granted a power of attorney to family members so they can manage his financial affairs. Plaintiff contends these facts are sufficient to show that he is under a legal disability and, presumably, that he has continuously been under a disability since his cause of action accrued in February 2010.

Upon *de novo* consideration of the issue of whether Plaintiff has sufficiently alleged a basis for tolling of the limitations period, the Court finds Judge Mitchell's analysis to be correct and that Plaintiff's additional allegations do not significantly alter the analysis. Tolling may be appropriate if a legal disability exists, such as where the plaintiff's mental

2

competency is impaired. *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009).[2] Plaintiff does not allege that he was found to be mentally incompetent in 2010 or that there has been an adjudication of incompetency at any time. To the contrary, the fact that Plaintiff has granted a power of attorney to another person, assuming this fact to be true,[3] would suggest that he is competent to make that decision and execute a valid document. Plaintiff provides no factual basis from which to equate his "severe learning disability" with a mental impairment sufficient to create a legal disability under Oklahoma law. Also, "[i]ncarceration has not been recognized as a 'legal disability' for purposes of tolling the limitations period under Oklahoma law." *Heuston v. Ballard*, 578 F. App'x 791 (10th Cir. 2014).

The question presented is whether any basis exists to toll the running of the limitations period since Plaintiff's first action was dismissed without prejudice in May 2012. Plaintiff primarily seeks to rely on a mental impairment, but he does not allege facts that would show an impairment existed between May 2012 and the filing of this action in August 2014. Plaintiff fails to allege any facts that might operate to toll the limitations period during that time period. Therefore, the Court fully concurs in Judge Mitchell's finding that Plaintiff's claims are time barred and her recommendation that the action be dismissed for failure to state a claim.

---

[2] State law, in this case Oklahoma law, governs the application of tolling rules in a § 1983 or *Bivens* action. *See Young*, 554 F.3d at 1258; *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

[3] Plaintiff refers in his objection to an attached power of attorney form, but none was submitted with his filing.

Plaintiff also objects to Judge Mitchell's recommendation that his request for the appointment of counsel should be denied. Upon dismissal of the action, however, Plaintiff has no further need for assistance of counsel in this case.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED. The action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is DENIED as moot.

IT IS SO ORDERED this 6th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE